# Exhibit A

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL BRANCH

---

MARIE MASSON

415 East Indian Spring Drive

Silver Spring, MD 20901

Case No:   **2018 CA 000088 B**

Plaintiff,

vs.

ARAMARK INCORPRATED

1101 Market Street

Philadelphia, Pennsylvania 19107

Defendant

---

Mrs. Marie Masson ("Plaintiff"), by and through their attorneys, Charles Tucker Jr., Esquire, through the TUCKER MOORE GROUP LLP, seeks damages relating to sexual harassment and wrongful termination against the Defendant (Aramark), and further represents unto this Honorable Court as follows:

## PARTIES

Plaintiff is a resident and citizen of the state of Maryland. Upon information and belief, and most of the time relevant to this Complaint, Plaintiff was employed by the Defendant.

Defendant is a company who was sub-contracted through Catholic University for the use of its Food Services division. Defendant was the Plaintiff's employer during the time relevant to this action.

## VENUE

Venue lies in the Superior Court of the District of Columbia, because of the unlawful events, acts, and omissions giving rise to the Plaintiff's claims occurred within the District of Columbia. At all relevant times to the actions complained of herein, the Defendant conducted business within the District of Columbia.

## JURISDICTION

This action arises under the United States constitution and the laws of the District of Columbia. Jurisdiction is conferred based on the civil action being commenced in the District. This claim may be brought to the Superior Court of the District of Columbia, pursuant to D.C. Code § 13-423. Further at the time these allegations, the Plaintiff was working in the District of Columbia.

## FACTUAL HISTORY

1. The Plaintiff was employed by Aramark (hereinafter referred to as the Defendant) which secured a contract through Catholic University in the District of Columbia for the use of its student food services division.

2. The Plaintiff held the title of Dietary Host at Aramark. She was employed with the company from March 2012 until on or about February 25, 2015.

3. The Plaintiff is an adult female residing whom resides at 415 East Indian Spring Drive Silver Spring, MD 20901.

4. The Plaintiff was injured on the job on or about November 20, 2014.

5. The Plaintiff Mrs. Marie Mason was never notified prior to February 2015, that she was terminated from her job by the Defendant.

6. At the time Plaintiff was notified that she was terminated, she was out of work due to a work related injury from which she was seeking workers compensation for from the Defendant.

7. Prior to the Plaintiff being terminated, she had never previously been counseled, subject to discipline or any other adverse actions for not reporting to her normal tour of duty.

## CAUSE OF ACTION WRONGFUL TERMINATION

8. The Plaintiff was an employee of the Defendant Aramark.

9. The Plaintiff was coming off a worker's compensation tour from a work-related injury to which the Defendant was aware of and had received medical records in support of.

10. The Plaintiff was receiving worker's compensation benefits up until February 2015, when she was first notified by an Human Resource Representative that she was terminated for " No Call No Show."

11. The Plaintiff was never notified of her termination by the Defendant in writing from the company up until the time of the filing of this action.

12. The Plaintiff was notified of her termination, when she went to return doctor's notices from her to her immediate supervisor at Aramark and the HR representative. It was at that time the Defendant through their representative from HR first notified the Plaintiff that she was terminated for a "No Call, No Show" on or about February 20, 2015.

13. The Plaintiff prior to suffering a work-related injury had an excellent attendance record and had no open disciplinary actions pending against her that she was made aware of.

## CAUSE OF ACTION SEXUAL HARASSMENT

14. Mr. Mariano was the Plaintiff's supervisor at Aramark and started making sexual comments and propositions that we sexual in nature on or about April 2014, and continuing up until the time of her being notified that she was terminated on or about February 20, 2015.

15. The Defendant Mariano made several sexual advances toward her on or about November 2014.

16. The Defendant Mr. Mariano asked the Plaintiff out she refused, she told him "You know I'm married and my Husband works here. He then stated to her "what you think you're better than all the other women here?"

17. After the Defendant persisted in his advances and his advances became more aggressive, the Plaintiff asked her Husband to have a talk with him.

18. The Plaintiff reported the sexual advances to the HR representative.

19. When Defendant Mariano was notified of the claims against him, he began to retaliate toward Plaintiff and Plaintiff's Husband who was also employed by Aramark at the above location.

20. Defendant Mariano would send others on break leaving just the Defendant and the Plaintiff alone together. The Defendant would then commence to grabbing on the Plaintiff buttocks and thigh area. This occurred on an ongoing basis from April 2014 through November 2014.

21. On one instance, Defendant Mariano walked up behind her and pressed his genital area against her buttocks this occurred on about November 2014.

22. The conduct by Defendant Mariano continued even while Plaintiff was out on medical leave due to her work related injury which continued from November 2014 until February 20, 2015. The Defendant would send sexual text messages to the Plaintiff's phone and would make sexual comments to her when the Plaintiff called to give updates on her medial status.

23. The above mentioned conduct caused Plaintiff to suffer stress, emotional distress, and made her feel annoyed and harassed because of his unwelcomed sexual harassment.

## PRAYER FOR RELIEF

Plaintiff request that the Court issue the following relief:

Enter declaratory relief declaring that Defendants have engaged in sex discrimination, retaliation, and constitutional violations under 42 U.S. C 1983;

Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers:

Award Plaintiff attorney's fees, cost and expenses of litigation; and

Award such other relief to which Plaintiff may be entitled to under law.

WHEREFORE, PREMISES CONSIERED, Plaintiff demands judgement against

Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fee, plus pre-and post-judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this day of December 16, 2017.

                         Marie Masson, PLAINTIFF

                         By: _____

                         Charles T. Tucker Jr. Esq.

                         Counsel for Plaintiff

__/s/___C.Tucker_____                              _____

Charles Tucker Jr. Esq.                                                          Date

Attorney for the Plaintiff

Tucker Law Group, LLP

8181 Professional Place

D.C. Bar No: 993515

Hyattsville, MD 20785

Direct Dial (301) 577-1175

Email address: charles@tuckerlawgroupllp.com