UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIE MASSON**, <br><br> Plaintiff, <br><br> v. <br><br> **ARAMARK INCORPORATED**, <br><br> Defendant. | Case No. 18-cv-626 (CRC) |

## MEMORANDUM OPINION

Plaintiff Marie Masson worked for Defendant Aramark Campus LLC, which provides cafeteria services at Catholic University, from March 2012 until February 2015. Am. Compl. ¶¶ 7–8.[1] In November 2014, Masson was injured on the job and sought workers' compensation. Id. ¶ 11. While out of work due to her injury, she was terminated. Id. ¶ 12. Almost three years later, in January 2018, Masson sued Aramark in the Superior Court of the District of Columbia, alleging wrongful termination and sexual harassment by her former supervisor. Id. ¶¶ 24, 26. Aramark removed the case to federal court, based on both federal question jurisdiction (Masson asserted a claim under 42 U.S.C. § 1983, id. ¶ 24) and diversity jurisdiction. It then moved to dismiss Masson's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court will now grant its motion and dismiss the case.

When analyzing a motion under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In so determining,

---

[1] The Court draws the facts herein from Masson's amended complaint, assuming the truth of her factual allegations as required on a motion to dismiss. See, e.g., Tefera v. OneWest Bank, FSB, 19 F. Supp. 3d 215, 220 (D.D.C. 2014).

the Court accepts as true the facts alleged in the complaint and draws all reasonable inferences in favor of the non-moving party. See, e.g., Tefera v. OneWest Bank, FSB, 19 F. Supp. 3d 215, 220 (D.D.C. 2014). A motion to dismiss for a plaintiff's failure to exhaust administrative remedies is "properly addressed as [a] motion[] to dismiss for failure to state a claim." Scott v. Dist. Hosp. Partners, L.P., 60 F. Supp. 3d 156, 161 (D.D.C. 2014).

*First*, Masson's wrongful termination or retaliation claim. While Masson cites 42 U.S.C. § 1983 as her cause of action, Am. Compl. ¶ 24, she does not state a claim under that statute. Aramark Campus LLC is a private actor, and section 1983 does not reach the actions of private parties except when the private party is engaged in state action or acting under color of state law, neither of which Masson alleges here. See, e.g., Nader v. McAuliffe, 593 F. Supp. 2d 95, 101 (D.D.C. 2009). As a result, the Court will dismiss any section 1983 claims that Masson brings.

Masson's opposition contends that her unlawful discharge claim instead arises under D.C. common law. Mem. Supp. Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 4. Regardless of whether Masson has clearly raised such a claim, it, too, would fail. Masson does not contest that she was an at-will employee and thus, under D.C. law, she could be discharged for any reason. See Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. 1991). That said, D.C. law recognizes an exception to this rule when a discharge is contrary to public policy. See, e.g., id. at 34. According to Masson, her discharge was contrary to public policy because she was fired in retaliation for reporting her supervisor's sexual harassment. Pl.'s Opp'n at 5. As such, she argues her claim falls within the public policy exception.

But this argument fails as well. The D.C. Court of Appeals has held that the public policy exception does not apply when a statute provides adequate protection of the public interests sought to be vindicated. See, e.g., Carter v. District of Columbia, 980 A.2d 1217,

1225–26 (D.C. 2009) (refusing to apply public policy exception to general at-will discharge rule since plaintiff's allegations involved conduct that "fell squarely under the aegis of the District's Whistleblower Protection Act"); McManus v. MCI Communications Corp., 748 A.2d 949, 957 (D.C. 2000) (rejecting the argument "that a public policy exception to the at-will doctrine applies to an alleged statutory violation" in a case involving the D.C. Human Rights Act).

Masson's contention that she was fired in retaliation for reporting sexual harassment falls within the ambit of the D.C. Human Rights Act, which prohibits adverse employment decisions taken in retaliation for an employee exercising her statutory rights, such as by reporting sexual harassment (itself a violation of the D.C. Human Rights Act). See D.C. Code § 2-1402.61(a). In addition, Masson has statutory remedies under federal law: Title VII of the Civil Rights Act of 1964 also prohibits retaliatory discharge. See 42 U.S.C. § 2000e-3(a). As a result, the proper avenue for seeking relief is the statutory one, not the public policy exception to the at-will doctrine. See, e.g., Hoskins v. Howard Univ., 839 F. Supp. 2d 268, 281 (D.D.C. 2012) (refusing to apply public policy exception where Title VII and the D.C. Human Rights Act provided adequate remedies for alleged retaliatory discharge).[2] The Court must therefore dismiss Masson's unlawful discharge claim.

*Second*, Masson's claims of sexual harassment. While Masson does not identify a statutory cause of action for her claim in her complaint, she argues in her opposition that it would

---

[2] Masson's original complaint also suggests that she was retaliated against for taking leave following an injury at work. Compl. ¶¶ 8–13. In her opposition, Masson appears to disavow this interpretation of her retaliatory discharge claim. See Pl.'s Opp'n at 5. Regardless, any such claim would fail for the same reason: the D.C. Workers' Compensation Act provides adequate protection against an employee's discharge for taking workers' compensation, D.C. Code § 32-1542, and consequently Masson cannot rely on the public policy exception, see Nolting v. Nat'l Capital Grp., Inc., 621 A.2d 1387, 1389–90 (D.C. 1993) (refusing to apply the public policy exception to violations of the D.C. Workers' Compensation Act).

3

arise under Title VII or the D.C. Human Rights Act. But since Masson failed to administratively exhaust any Title VII claim and failed to file any D.C. Human Rights Act claim within the applicable one-year statute of limitations, the Court will dismiss any such claims as well.

Under Title VII, prior to bringing suit a plaintiff must exhaust her administrative remedies. See, e.g., Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995). The first step to exhaustion is to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1). Masson concedes that she did not file any charge with the EEOC. Pl.'s Opp'n at 6. She appears to argue that the Court should apply the doctrine of equitable estoppel to excuse such failure. Id. But Masson presents no facts to support the application of that doctrine and the burden is on her to point to affirmative actions or misleading statements by Aramark that prevented her from exhausting administrative remedies. See, e.g.., Byrd v. District of Columbia, 807 F. Supp. 2d 37, 62 (D.D.C. 2011). Her sole argument is that she was terminated from her employment before she could file an EEOC charge. But it is unclear why her termination somehow prevented her from being able to file an EEOC charge—indeed, one would expect her termination to provide her more of an incentive and ability to do so since she no longer had to worry that filing an EEOC charge could lead to further adverse action by her employer. Because Masson provides no basis to excuse her failure to exhaust remedies, dismissal of any Title VII claim she raises is warranted.

While the D.C. Human Rights Act does not require exhaustion of administrative remedies, it does have a one-year statute of limitations. D.C. Code § 2-1403.16(a). The most recent adverse action Masson alleges was her termination in February 2015—which came nearly three years before she filed suit in January 2018, well after the one-year statute of limitations had

run. Though the limitations period can be tolled if a plaintiff elects to pursue her administrative remedies, id., Masson does not allege that she filed a complaint with the applicable D.C. regulatory body. And as discussed above, Masson points to no other ground to excuse her failure to file suit within the statutory period. Consequently, dismissal of any D.C. Human Rights Act claim she raises is also proper.

*Finally*, Masson argues that the Court should at least grant her leave to file an amended complaint that more clearly asserts her statutory causes of action and clarifies her factual allegations. As an initial matter, Masson's request fails to comply with Local Civil Rule 15.1, which requires plaintiffs to submit a proposed amended complaint with any such motion. But amendment would be futile in any case. As discussed above, Masson concededly failed to exhaust her administrative remedies under Title VII or to file suit within the statute of limitations for the D.C. Human Rights Act. Given this, the Court will deny any motion for leave to file an amended complaint. See, e.g., James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

\* \* \*

Even accepting her allegations as true, Masson has not adequately pled a D.C. common law unlawful discharge claim, exhausted her Title VII claim, or filed her D.C. Human Rights Act claim within the applicable statute of limitations. For these reasons alone, the Court will grant Defendant's motion for dismissal. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: May 15, 2018

5